[622 NYS2d 747]

In the Matter of EDWARD SLAVIN (Admitted as EDWARD J. SLAVIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 14, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Edward Slavin,* Woodmere, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was served with a petition containing 10 charges of professional misconduct. The Special Referee sustained Charge One, sustained Charge Four on the condition that this Court finds certain testimony admissible, and failed to sustain the remaining eight charges. The Grievance Committee now moves to confirm so much of the Special Referee's report as sustained Charges One and Four and to disaffirm so much of the report as failed to sustain Charges Two, Three, and Five through Ten. The respondent cross-moves to confirm so much of the Special Referee's report as sustained Charge One and which failed to sustain Charges Two, Three, and Five through Ten, and to disaffirm so much of the report as conditionally sustained Charge Four. The respondent further seeks a dismissal of the petition in its entirety.

In or about October 9, 1981, the respondent represented Nicola and Lucia D'Aquino in connection with the sale of their home. A purchaser was procured for that property by George Osuna of Century 21 River Plate Realty. The respondent placed $5,000 in escrow when a dispute arose concerning the amount of the brokerage commission.

The respondent maintained an account at the Greater New York Savings Bank entitled "Edward J. Slavin—Special", and retained the interest generated by funds deposited into that account. The respondent also maintained a checking account at Manufacturer's Hanover Trust, entitled "Edward J. Slavin —Special". Between 1982 and 1988, the respondent issued checks drawn on the Manufacturer's Hanover Trust account for personal or business purposes as well as escrow purposes. Between 1982 and 1990, the respondent kept personal or business funds on deposit in his special accounts at the Greater New York Savings Bank and Manufacturer's Hanover Trust Bank. During that interval, the respondent failed to maintain a ledger book or similar record evidencing the funds on deposit in his special accounts. He also failed to maintain copies of all bank statements, cancelled checks, and deposit slips for his special accounts.

The respondent represented Everton Hendricks, a partner in First Royalty Company, a real estate investment partner-

ship, while he was also representing First Royalty Company in various legal matters. The respondent procured a purchaser, Diprazh Singh, for a parcel of real property at 281 23rd Street, Brooklyn, New York, which was owned by First Royalty Company. The respondent was entrusted as a fiduciary with a $20,000 down payment to be held in escrow, and deposited that down payment in his account at Greater New York Savings Bank.

A contract for the sale of the property was entered into in July 1987. The respondent represented both the seller, First Royalty Company, and the purchaser, Diprazh Singh, in the sale of that property.

Everton Hendricks retained independent counsel Marvin Usdin with respect to the sale of the partnership property. Mr. Usdin asked the respondent to ensure that the closing of title did not occur in his absence or in the absence of his client. The respondent scheduled the closing for some time around October 1987 and closed title without notifying Mr. Usdin or Mr. Hendricks. The respondent was to receive a $13,500 commission from the proceeds of the sale, contingent upon completion of the sale.

Charge One alleged that the respondent commingled personal or business funds with funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46) and 22 NYCRR former 691.12 (a).

Charge Three alleged that the respondent improperly retained interest earned on escrow funds in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Four alleged that the respondent failed to maintain required records in violation of Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46).

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (former [7]) (now [8]) (22 NYCRR 1200.3), namely, his practices with respect to the special account maintained at the Greater New York Savings Bank and his checking account at Manufacturer's Hanover Trust.

Charge Six alleged that the respondent engaged in conduct involving fraud, deceit, dishonesty and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A)

(4) (22 NYCRR 1200.3) with respect to the First Royalty Company real estate transaction.

Charge Seven alleged that the respondent represented a client while his judgment was affected by his own financial, business, property, and personal interests, in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20).

Charge Eight alleged that the respondent entered into an improper business transaction with a client in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23).

Charge Nine alleged that the respondent represented clients with adverse and conflicting interests in violation of Code of Professional Responsibility DR 5-105 (A), (B), and (C) (22 NYCRR 1200.24).

Charge Ten alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (former [7]) (now [8]) (22 NYCRR 1200.3) with respect to the First Royalty Company real estate transaction.

After reviewing all of the evidence, we conclude that the Special Referee properly sustained Charges One and Four, properly failed to sustain Charge Two, and improperly failed to sustain Charge Three and Charges Five through Ten. Accordingly, the petitioner's motion to confirm, in part, is granted to the extent that Charges One and Four are sustained. The petitioner's motion to disaffirm, in part, is granted to the extent that Charge Three and Charges Five through Ten are sustained. The petitioner's motion is denied in all other respects. The respondent's cross motion is granted to the extent that Charge One is sustained and Charge Two is not sustained. The respondent's cross motion is denied in all other respects.

In determining an appropriate measure of discipline to impose, we have considered that the respondent is a sole practitioner aided only by the clerical services provided by his wife. He has practiced law for over 50 years, primarily in the field of real estate, and has a previously unblemished record. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., SULLIVAN, BALLETTA, ROSENBLATT and MILLER, JJ., concur.

Ordered that the petitioner's motion is granted to the

extent that Charges One, Three, Four, Five, Six, Seven, Eight, Nine, and Ten are sustained, and is denied in all other respects; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge One is sustained and Charge Two is not sustained, and is denied in all other respects; and it is further,

Ordered that the respondent is censured for his professional misconduct.